IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT PERKINS, #05135-003, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 11-0212-KD-N |
| ARTHUR BYRNE, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint.** (Doc. 4).

Plaintiff sues Arthur L. Byrne, who is identified as the sheriff, Jimmie Bennett, a captain at the Baldwin County Correctional Center ("jail"), G. Thicklin, a lieutenant at the jail, and Sargeant Klos for violating his "First Amendment Constitutional rights to freedom of religion to practice special food diet" while he was incarcerated at jail. (Doc. 4 at 9-10). Plaintiff currently is incarcerated at Yazoo City FCC. (Id. at 1).

Plaintiff complains that he was consistently served meat at jail even though he let it be known "at intake screening that [his] religious preference is Islam[.]" (Id. at 6). At screening he

states that he advised officials that he consumed no flesh.  (Id.).  Then, on December 19, 2010, he received a tray with his name and "no meat" written on it; however, the tray contained meat.  (Id.).  Plaintiff filed a grievance, which resulted in a conversation with defendants Klos, Thicklin, and Stanson, who asked him for documentation regarding his intake screening and what was being honored.  (Id.).  "Thicklin stopped [his] no-meat diet[,]"  (id. at 5), and said that plaintiff would receive a regular tray.  (Id. at 6).  Plaintiff alleges that defendants Thicklin, Klos, Stanson, Byrne, and Bennett violated the inmate handbook by taking away his "no-meat, no[-] flesh diet" on December 19, 2010, and forcing other diets on him.  (Id. at 5).  This caused plaintiff to go on a "food strike."  (Id. at 7).  He requested a kosher diet, which was denied on December 20, 2010.  (Id.).  On December 22, 2010, he resubmitted a request for a kosher diet, which was granted on December 28, 2010.  (Id.).  This diet contained meat, however.  (Id.).  He claims that the jail intentionally abused his religious diet and caused him to receive a regular tray.  (Id.).

For relief, plaintiff requests "damages for [his] mental and emotional injury suffered while in [defendants'] custody [-] amount of claim (in dollars) $1,000,000.00 (one million dollars) total sum $1,000,000.00."  (Id. at 12).  Furthermore, he reiterates that his claim is for "emotional and mental injuries, distress psychological disorders, if any found," and that his claim is "in excess of $50,000[.]"  (Id. at 8).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams,

490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).1  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S.

---

1The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Analysis.**

Because plaintiff was a prisoner when he filed this action, his action is subject to 42 U.S.C. § 1997e(e).  This statute, titled "Limitation on Recovery," provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); see Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (applying § 1997e(e) to § 1983 actions).  This statute limits the recovery of monetary damages by prisoner plaintiffs for claims based on mental or emotional injuries, suffered while in custody, when no physical injury connected to the mental or emotional injury is present.  42 U.S.C. § 1997e(e). Although § 1997e(e) excludes recovery of punitive and compensatory damages for mental or emotional injuries unaccompanied by a prior physical injury, injunctive and declaratory relief and nominal damages are available for a violation of a constitutional or federal right.  See Al-Amin v. Smith, 637 F.3d 1192, 1196-97 (11th Cir.) (observing that other courts have noted the remaining remedies are ample and that the Constitution does not demand an

individually effective remedy for every constitutional violation) (citations and quotation marks omitted), cert. denied, 555 U.S. 820 (2008); Korngay v. Burt, No. 3:09cv281/LAC/EMT, 2011 WL 839496, at *11 n. 4 (N.D. Fla. Feb. 8, 2011) (unpublished) (noting that other circuits have allowed nominal damages when there has been a violation of an absolute constitutional right).

In the present action, plaintiff did not identify any physical injury that he suffered. He complains only of having suffered "mental and emotional injuries," (Doc. 4 at 12), and "emotional and mental injuries, distress p[s]ychological disorders, if any[.]" (Id. at 8). Moreover, the factual allegations supporting plaintiff's claim do not support a finding of a physical injury.

The type of damages that plaintiff wants for his mental and emotional injuries is not specified. Nominal damages may be recovered when there is a violation of a constitutional right without actual injury. See Hughes, 350 F.3d at 1162. The Court, however, cannot construe plaintiff's damages request as being a request for nominal damages because plaintiff requested $50,000 and $1,000,000. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D. N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of

compensation by any definition of the term 'nominal'"); Ringgold v. Federal Bureau of Prisons, No. 07-2733, 2007 WL 2990690, at *5 & n.5 (D. N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was de minimis and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"). Aside from the fact that plaintiff did not specify that he wanted nominal damages, the large dollar amount that he seeks prevents a finding that he sought nominal damages. Nor does plaintiff request injunctive or declaratory relief, but if he had, his request would be moot because he has been transferred away from defendants and the offending conduct. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.), cert. denied, 488 U.S. 1046 (1989) ("[A]n inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred.") (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)), cert. denied, 488 U.S. 1046 (1989).

Because plaintiff cannot proceed on claims for nominal damages and injunctive and declaratory relief in this action, the Court construes his amended complaint as one for compensatory and punitive damages, which are the only type of damages that remain. See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, ___U.S. ___, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). These types of damages, however, are not available to an inmate in the absence of a physical injury. Minneci v. Pollard, ___ U.S. ___, 132 S.Ct. 617, 625, 181 L.Ed.2d 606 (2012); Al-Amin, 637 F.3d at 1195-96;

Smith, 502 F.3d at 1271.  Because plaintiff did not allege that he suffered a physical injury from the complained of acts, 42 U.S.C. § 1997e(e) bars a recovery for compensatory and punitive damages.  See Al-Amin, 637 F.3d at 1195-96, 1199 (finding the inmate's First Amendment claim for punitive damages for opening his legal mail outside of his presence was barred by § 1997e(e) as no physical injury was associated with defendants' actions); Allen, 502 F.3d at 1260-61, 1271 (11th Cir. 2007) (observing that §1997e(e) barred compensatory and punitive damages for the denial of the inmate's First Amendment right to certain religious items as no physical harm was alleged).  Inasmuch as plaintiff seeks damages for his "mental and emotional injuries" alone, 42 U.S.C. § 1997e(e) bars this action.  Accordingly, plaintiff has failed to state a claim upon which relief can be granted.  Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (holding that "the district court had the authority, see 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the complaint without prejudice under section 1997e(e)").

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B (ii) for failure to state a claim upon which relief may be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 13th day of September, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

　　　　　　　　　　　　　　　　 /s/ Katherine P. Nelson
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).